UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                             Case No. 3:11-cv-1056-J-32MCR

FASTTRACK BUILDERS INCORPORATED, et al,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment Against Defendant Fasttrack Builders Inc. (Doc. 12), Plaintiff's Motion for Entry of Default Judgment Against Defendant Asurety Partners, LLLP (Doc. 13), Plaintiff's Motion for Attorneys' Fees and Costs Against Defendant Fasttrack Builders Inc. (Doc. 14), and Plaintiff's Motion for Attorneys' Fees and Costs Against Defendant Asurety Partners, LLLP (Doc. 15). In these pleadings Plaintiff moves, pursuant to Fed. R. Civ. P. 54(d)(1), (2), and 55(b), for Default Judgment and attorneys' fees and costs against Defendants. Defendants failed to file a response, and the time for doing so has passed. The Court, having considered the Motions and their attachments (Docs. 12,

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

-1-

13, 14, 15), the Complaint (Doc. 1), and being otherwise advised in the premises, recommends Plaintiff's Motions be granted.

## I.     BACKGROUND

Plaintiff, the United States of America for the use and benefit of National Playground Construction, Inc., entered into a contract with Defendant Fasttrack Builders Inc. ("Fasttrack") to perform certain work for the benefit of the Kingsley Plantation National Park, which is located in Duval County, Florida (the "Project").  Defendant Fasttrack, as principal, and Defendant Asurety Partners, LLLP ("Asurety"), as surety, furnished a payment bond pursuant to 40 U.S.C. § 3131, *et seq* (the "Bond").  (Doc. 1-A).  Under the terms of the Bond, Defendants bound themselves jointly and severally for the use and benefit of all persons supplying labor, materials, and equipment for the construction and completion of the Project.  (Id.).

On or about December 14, 2010, Plaintiff and Fasttrack executed a written proposal in the amount of $22,432.00 (the "Contract").  On or about February 10, 2011, the parties executed a change order increasing the amount of the Contract to $24,932.00.  (Doc. 1-B).  Plaintiff complied with the terms of the Contract and sent an invoice to Fasttrack identifying $12,466.00 as the amount due and owing.  (Doc. 1-C).

On October 27, 2011, Plaintiff filed a three-count Complaint against Defendants pursuant to 40 U.S.C. § 3131(b)(2), seeking recovery against the Bond for non-payment of sums due for materials and labor supplied on the Project.  (Doc. 1).  Plaintiff served Fasttrack on November 7, 2011 (Doc. 5) and Asurety on December 28, 2011 (Doc. 9). Defendants failed to plead or otherwise defend and, on December 12, 2011, the Clerk

of Court entered a default against Fasttrack (Doc. 8) and on January 20, 2012, the Clerk of Court entered a default against Asurety (Doc. 11).

## II. ANALYSIS

### A. Whether Entry of a Final Judgment by Default is Appropriate

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," a default may be entered. Here, on December 12, 2011 and January 20, 2011, the Clerk of Court entered defaults against Defendants for failure to plead. (Docs. 8, 11).

A party's default is deemed an admission of the plaintiffs well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Therefore, the Court will review Plaintiff's allegations to determine if they are sufficient to justify Plaintiff's claims against Defendants.

In Count I, Plaintiff alleges "Breach of Contract" against Defendant Fastttrack. (Doc. 1, pp. 4-5). Plaintiff and Fasttrack entered into a Contract in which Plaintiff agreed to furnish labor and materials for the Project. (Id. at p. 4). Plaintiff performed under the Contract and the materials and labor were accepted and incorporated into the Project. (Id.). Fasttrack has materially breached the Contract by refusing to compensate Plaintiff for the goods and services. (Id. at p. 5).

-3-

In Count II, Plaintiff alleges "Quantum Meruit/Contract Implied in Fact" against Defendant Fastttrack. (Doc. 1, pp. 5-6). Fasttrack requested that Plaintiff provide labor and materials pertaining to the Project and Plaintiff complied. (Id. at p. 6). Fasttrack accepted and retained the benefits of Plaintiff's labor and materials but has refused to compensate Plaintiff. (Id.).

In Count III, Plaintiff seeks "Action on Payment Bond" against Defendants Asurety and Fasttrack. (Doc. 1, p. 7). Plaintiff and Fasttrack were in direct privity of contract. Fasttrack was invoiced for a total of $24,932.00 for the labor and materials furnished by Plaintiff. The sum of $12,466.00 is now due and owing, and although demand has been made to Fasttrack and Asurety, both Defendants have failed to pay the same.[2]

Accordingly, the Court finds Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to justify Plaintiff's claims against Defendants.

**B.    Amount of Damages**

Having found Plaintiff is entitled to a default judgment, the court then conducts an inquiry to ascertain the amount of damages. Arista Records. Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003). In making this determination, the court may rely upon affidavits or documentary evidence to establish the proper amount of damages. Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26 (D.D.C. 2002). As Plaintiff has established the amount of its

---

[2]Plaintiff has timely filed suit within one year of the last furnishing of materials and labor under the Contract in accordance with 40 U.S.C. § 3133(b)(4).

damages as set forth in its Motion (Docs. 1-A, B, C), the Court is able to establish the amount of the default judgment without the necessity for an evidentiary hearing. See Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) ("As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985); Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The principle amount owed by Defendants Fasttrack and Asurety to Plaintiff is $12,466.00. See (Doc. 1-C). Additionally, Plaintiff is entitled to prejudgment interest at the rate of 18%. See (Doc. 1-B). Thus, both Defendants Fasttrack and Asurety owe Plaintiff $12,466.00 in principal and $1,881.17 in prejudgment Interest ($12,466.00 at 18% interest from March 30, 2011 through January 30, 2012) for a total amount of $14,347.17.[3]

### C. Attorneys' Fees and Costs

In addition to damages, under the terms of the Contract, Plaintiff is entitled to an award of attorneys' fees and costs as the prevailing party.[4] See (Doc. 1-B). Plaintiff seeks $494.25 for attorneys' fees and $410.00 in costs. (Docs. 14, 15, p. 3).

---

[3] The prejudgment interest accrued beginning 30 days from the date of the last invoice - i.e., February 28, 2011. Thus, prejudgment interest began to accrue from March 30, 2011.

[4] Under federal law, parties are entitled to recover reasonable prevailing party attorneys' fees when such rights are afforded via the parties' contract. See, e.g., Textron Financial Corp. v. RV Having Fun Yet, Inc., 2010 U.S. Dist. LEXIS 143510 (M.D. Fla. Dec. 28, 2010).

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Florida Supreme Court has also adopted the lodestar approach for the computation of reasonable attorney's fees. See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)). A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary. Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)). As the Eleventh Circuit noted:

> "the court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, Plaintiff is requesting $494.25 in attorneys' fees (representing an hourly rate of $265.00 for partners and $225.00 for associates). The total time expended by counsel is 7.6 hours, with a total amount billed of $1,977.00. The total time and hours were divided by four since Plaintiff has actions against two defendants in this lawsuit and counsel is prosecuting claims in another lawsuit in the Middle District of Florida

against the same two defendants. The matters have mirrored each other and both are in essentially the same stage of litigation.[5] Because work on both cases was performed simultaneously, Plaintiff has divided its attorneys' fees claim by four in order to prevent a windfall. Plaintiff has offered an affidavit of an independent Florida attorney to further evidence the reasonableness of the fees sought. (Docs. 14, 15, pp. 5-11).

Upon review of the docket and the documents submitted, the undersigned finds the number of hours billed is not excessive, the number of hours spent were reasonably expended on this matter, and the hourly billing rates were also reasonable given the skill, experience, and reputation of Plaintiff's attorneys and the prevailing market rates for this type of legal work. Therefore, under the Eleventh Circuit's lodestar calculation, Plaintiff should be granted an award of attorneys' fees in the amount of $494.25.

In addition to its attorneys' fees, Plaintiff is entitled to costs pursuant to the terms of the Contract. See (Doc. 1-B). Thus, the judgment should include $430.00 in costs against Fasttrack ($350.00 filing fee + $80.00 service of process fee) and $410.00 in costs against Asurety ($350.00 filing fee + $60.00 service of process fee).

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

1.   Plaintiff's Motion for Final Judgment by Default against Defendant

---

[5]The United States of America, for the use and benefit of BYO Recreation, Inc. v. Fasttrack Builders, Inc., *et al*, Case No. 3: 11-cv-1055-J-20MCR, is a similar case in which the Court recently entered default judgment and an award of attorneys' fees and costs in favor of Plaintiff and against Defendants Fasttrack Builders, Inc. and Asurety Partners, LLLP.

Fasttrack Builders, Inc. (Doc. 12) be **GRANTED**, and in accordance with Fed. R. Civ. P. 55(b), the Clerk be directed to enter Final Default Judgment in favor of Plaintiff and against Fasttrack declaring that Fasttrack owes Plaintiff $12,466.00 in principal and $1,881.17 in prejudgment interest ($12,466.00 at 18% interest from March 30, 2011 through January 30, 2012) for a total amount of $14,347.17.

2. Plaintiff's Motion for Final Judgment by Default against Defendant Asurety Partners, LLLP (Doc. 13) be **GRANTED** and, in accordance with Fed. R. Civ. P. 55(b), the Clerk be directed to enter Final Default Judgment in favor of Plaintiff and against Asurety Incorporated declaring that Asurety owes Plaintiff $12,466.00 in principal and $1,881.17 in prejudgment interest ($12,466.00 at 18% interest from March 30, 2011 through January 30, 2012) for a total amount of $14,347.17.

3. Plaintiffs Motion for Attorneys' Fees and Costs Against Defendant Fasttrack Builders Inc. (Doc. 14) be **GRANTED** and Plaintiff be awarded the reasonable sum of $924.25 for attorneys' fees and costs against Fasttrack.

4. Plaintiffs Motion for Attorneys' Fees and Costs Against Defendant Asurety Partners, LLLP (Doc. 15) be **GRANTED** and Plaintiff be awarded the reasonable sum of $904.25 for attorneys' fees and costs against Asurety.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of March, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party